IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-112 (LO) |
| | ) | |
| BRANDON SOBOTTA | ) | |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States, through counsel, hereby submits its position on sentencing, currently scheduled for September 13, 2019.

1. Sentencing Guidelines. The Presentence Investigation Report correctly calculates the defendant's offense level as a level 10, with a criminal history category of IV, resulting in a guideline range of 15 to 21 months imprisonment. The underlying factual bases for the base offense level and adjustment for role in the offense are addressed thoroughly in the PSR (¶¶ 34 through 67) and the Statement of Facts accompanying the Plea Agreement. Based on these facts, we ask that the Court find that the appropriate advisory guideline range is 15 to 21 months of imprisonment.

2. The 18 U.S.C. § 3553 Factors. The United States recommends that a guideline sentence of between 15 and 21 months is consistent with the factors articulated in 18 U.S.C. § 3553, which the Court must take into account when imposing its sentence.

Under § 3553(A)(1), the Court must consider the nature and circumstances of the offense and characteristics of the defendant. The Presentence Report fairly describes the offense of conviction, applicable relevant conduct, and the defendant's family background and personal history. The defendant conducted a single cocaine transaction for Richard and Spencer Pak,

involving three ounces of cocaine for $4,600. The defendant's motivation for conducting the transaction at Richard Pak's request was simple; he was a drug user who owed Richard Pak money, and doing what Richard Pak asked would allow him to continue to get drugs from the Paks. Given his limited role in the offense, a sentence within the specified guideline range is appropriate.

Under § 3553(A)(2), the Court must consider whether a sentence of 15 to 21 months satisfies four additional factors. First, as discussed above, a sentence within this range would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Second, it would serve to deter others from committing the same or similar offenses. Third, because the defendant has been in custody since his arrest, the sentence imposed has already protected the public from further crimes by this defendant. Fourth, a sentence within this range has already provided the defendant with any needed educational or vocational training and any medical or psychological treatment.

For these reasons, and for the reasons set forth in the PSR, we ask the Court to find that a sentence within a range of 15 to 21 months is an appropriate sentence under the sentencing guidelines and 18 U.S.C. § 3553.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:       /s/
        James L. Trump
        Carina Cuellar
        Assistant United States Attorneys
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3726
        jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2019, I filed the foregoing pleading with the Clerk of Court using the Court's electronic filing system, which will serve all counsel of record.

By:       /s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov